UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TELMA RETARDER, INC.,

       Plaintiff,

v.

MICHAEL BALISH and INDUSTRIAS ZELU, S.L.,

       Defendants.

_____/

Case No. 2:17-cv-11378

HON. STEPHEN J. MURPHY, III

**OPINION AND ORDER
GRANTING DEFENDANT INDUSTRIAS ZELU, S.L.'S
MOTION TO SET ASIDE ENTRY OF DEFAULT [32] AND
FINDING MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [30]**

Plaintiff Telma Retarder, Inc. filed suit against a former employee, Defendant Michael Balish, and Balish's new employer, Defendant Industrias Zelu, S.L. ("KLAM"). Plaintiff alleges that Balish breached a non-compete covenant, and that Balish and KLAM tortiously interfered with Plaintiff's business relationships. Plaintiff also claims that KLAM tortiously interfered with Balish's non-compete covenant. KLAM initially refused to participate in the litigation, so the Clerk of the Court filed an entry of default. ECF 20. Plaintiff then filed a motion for default judgment. ECF 30. On the same day Plaintiff moved for default judgment, KLAM appeared and filed a motion to set aside the Clerk's entry of default. ECF 32. The Court has reviewed the briefs, and finds that a hearing is unnecessary. E.D. Mich. LR 7.1(f). For the reasons set forth below, the Court will grant KLAM's motion to set aside entry of default and find Plaintiff's motion for default judgment moot.

1

## DISCUSSION

KLAM seeks to set aside the entry of default under Federal Rule of Civil Procedure 55(c). ECF 32, PgID 606. Rule 55(c) provides that a Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). To determine whether good cause exists, the Sixth Circuit requires courts to consider three factors: (1) whether the plaintiff will be prejudiced by the setting aside of an entry of default; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's culpable conduct led to the entry of default. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). When analyzing the three factors, the Sixth Circuit is "extremely forgiving" and favors resolving cases on the merits. *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010). The Court will address each factor in turn.

I.     <u>Whether Plaintiff will be Prejudiced</u>

The Court finds that Plaintiff will not be prejudiced by the setting aside of the entry of default. Plaintiff first argues it will be prejudiced because KLAM's actions delayed the case. ECF 35, PgID 664. Specifically, Plaintiff asserts that KLAM's alleged tortious interference with Plaintiff's customers makes "time [] of the essence." *Id.* The nature of the case does not warrant a finding of prejudice because the case itself is about remedying the alleged harm caused by Defendants' actions. The Court has already entered a preliminary injunction, ECF 26, and Plaintiff may pursue monetary damages if an injunction proves to be an insufficient remedy. Although it will now be more difficult for Plaintiff to obtain additional remedies because it must prove its case on the merits, that difficulty does not warrant a finding of prejudice when the Sixth Circuit's preference is to decide cases on the merits.

Plaintiff next presumes that KLAM did not put a litigation hold in place and argues that consequently some evidence may have been destroyed. ECF 35, PgID 665. Plaintiff is correct that spoliation of evidence, in certain circumstances, may warrant a finding of prejudice. *See INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987). But Plaintiff admits that its position is based on a presumption, ECF 35, PgID 665, and KLAM provided evidence that it was advised to place a litigation hold on all relevant documents, ECF 38-1, PgID 693, ¶ 3. Moreover, KLAM has participated in the discovery process since October 2017. ECF 29, 33. The Court therefore finds that there is insufficient evidence of spoliation or frustration of discovery to support a finding of prejudice.

Plaintiff finally argues that KLAM's delay has increased Plaintiff's litigation costs. ECF 35, PgID 665. But setting aside an entry of default will always increase litigation costs. *$22,050.00 U.S. Currency*, 595 F.3d at 325. Because Plaintiff has not provided sufficient evidence showing why setting aside the entry of default here would increase litigation costs to a greater extent than would naturally occur when an entry of default is set aside, the Court finds Plaintiff's argument unpersuasive.

II.  Whether KLAM has a Meritorious Defense

The Court finds that KLAM has a meritorious defense. To determine whether a defense is meritorious, the test is not whether a defense is likely to succeed on the merits but rather whether there is "some possibility" that the defense will affect the outcome of the suit. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 843 (6th Cir. 2011). KLAM asserts that its actions are not the "but for" cause of Plaintiff's lost sales. ECF 32, PgID 615. When deciding Plaintiff's motion for a preliminary injunction, the

Court found that Plaintiff provided insufficient evidence that Balish's actions caused some of Plaintiff's alleged damages. ECF 23, PgID 473. Because KLAM's liability, if any, is likely to be derived from Balish's actions shortly before or after he joined KLAM, the causation defense may have an effect on the outcome of the suit. Consequently, KLAM has a meritorious defense.

III.     Whether KLAM's Culpable Conduct led to the Default

The Court finds that KLAM's culpable conduct led to the default. A defendant's conduct is culpable if it displays either: (a) an intent to thwart judicial proceedings, or (b) a reckless disregard for the conduct's effect on judicial proceedings. *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986). KLAM admits that it had knowledge of the lawsuit. ECF 32, PgID 611. KLAM refused to participate, however, because it was unsure whether it had been properly served and whether it was subject to the Court's jurisdiction. *Id.* KLAM's knowledge of the suit coupled with its conscious decision not to participate indicates that KLAM intended to thwart the judicial proceedings. KLAM could have affirmatively challenged service and jurisdiction, but instead chose to remain silent while the Court spent months adjudicating the case—including a contentious preliminary injunction dispute—in KLAM's absence. KLAM then brazenly filed its motion to set aside the entry of default on the same day that Plaintiff sought to convert the entry of default into a default judgment. ECF 30, ECF 32. And to top it off, KLAM audaciously retained Balish's counsel—which suggests that the Defendants were colluding during KLAM's intentional silence. ECF 31. KLAM's dilatory and disruptive tactics are egregious and condemnable.

IV.	Conclusion

Although KLAM's culpable conduct led to the default, the Court is required to balance all three factors. *Shepard*, 796 F.2d at 194. And because the first two factors so strongly favor setting aside the entry of default, the Court finds that the balance favors granting KLAM's motion. *Id.*; *Berthelsen v. Kane*, 907 F.2d 617, 622 (6th Cir. 1990). Consequently, the Court will also find moot Plaintiff's motion for default judgment.

**ORDER**

**WHEREFORE** it is hereby **ORDERED** that KLAM's Motion to Set Aside Default [32] is **GRANTED**. The Clerk of the Court shall set aside the entry of default filed on July 27, 2017.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment [30] is found **MOOT**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 29, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 29, 2018, by electronic and/or ordinary mail.

s/ David Parker
Case Manager